IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HECTOR ANTONIO FLORES-DIAZ,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>ALBERTO GONZALEZ, AG, ICE-DHS,<br><br>    Respondents. | MEMORANDUM DECISION AND ORDER DISMISSING HABEAS PETITION FOR LACK OF JURISDICTION<br><br><br><br><br>Case No. 2:05-CV-710 TS |

Petitioner Hector Antonio Flores-Diaz filed the present Emergency Habeas Complaint and Motion for Temporary Restraining Order (hereafter Petition) pursuant to 28 U.S.C. § 2241, challenging a final order of removal and seeking to stay his pending removal. The Petition is dismissed for want of jurisdiction because the REAL ID Act of 2005,[1] divested this Court of jurisdiction over petitions for habeas corpus relief challenging a final order of removal.

---

[1] Pub.L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252).

1

The Petition was filed on August 24, 2005. It challenges Petitioner's January 27, 1999, Order of Removal on the grounds that he was denied the right to pursue so-called § 212(c)[2] discretionary relief and also brings a claim that he is a nationalized citizen. The government filed a Motion to Dismiss the Petition on the grounds the Petitioner was not eligible for § 212(c) discretionary relief. Neither party raises the issue of this Court's jurisdiction.

The REAL ID Act addressed the problem of two layers of review for some orders of removal[3] by removing certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals, where they are considered as petitions for review.

> Thus, [8 U.S.C. § 1225(a)(5)] makes a petition for review to an appellate court the sole means of review of an order of removal issued under the INA and specifically excludes review under the habeas statutes. *See* H.R.Rep. No. 109-72 (2005) (Conf. Rep.) ("[T]he bill would eliminate habeas review over challenges to removal orders.").[4]

The new jurisdictional provisions specifically provide that claims of nationality must be addressed first in the circuit court of appeals and may only be remanded to a district court for findings of fact in limited circumstances.[5]

---

[2] Codified at 8 U.S.C. 1182(c); *see INS v. St. Cyr*, 533 U.S. 289, 295-96 (2001)(examining history of §212(c)).

[3] *Balogun v. U.S. Attorney General*, __ F.3d __, 2005 WL 2333840 (11th Cir. September 26, 2005).

[4] *Antunez-Obregon v. Gonzales*, __ Fed.Appx. __, 2005 WL 2328612 (10th Cir. September 23, 2005)(unpublished Order and Judgment).

[5] 8 U.S.C. §1252(b)(5).

The REAL ID Act provisions on jurisdiction became effective immediately upon its enactment on May 11, 2005.  The jurisdictional provisions are retroactively applicable regardless of the date of the final administrative order of deportation.[6]

The REAL ID Act provides that the "district court shall transfer . . . to the court of appeals any case" challenging a final administrative order of removal that was *"pending in a district court"* on the May 11, 2005 effective date.[7]  But there is no similar provision for the transfer of cases erroneously filed in district courts after the effective date.

Because the present Petition seeks judicial review of a final order of removal this Court has no jurisdiction to review the merits of the Petition or to stay the order of removal.  Because this Petition was not "pending" on May 11, 2005, this Court does not have the authority to transfer this case to the appropriate court of appeals.[8]  Petitioner may re-file this petition with the appropriate circuit court of appeals[9] immediately.  Any request for a stay of removal must be made directly to the appropriate court of appeals.  Based upon the foregoing, it is therefore

---

[6] Changes "shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." REAL ID Act § 106.

[7] Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005) (emphasis added).

[8] *Griffith v. Dept. of Homeland Security*, 2005 WL 2338866 *1 (September 3, 2005 W.D. N.Y.); *Aime v. Department of Homeland Security,* 2005 WL 1971894, *1 (W.D. N.Y. 2005).

[9] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

ORDERED that the petition is dismissed without prejudice to it being re-filed in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. It is further

ORDERED that all pending motions are denied without prejudice as moot.

The clerk of court shall close this case forthwith.

DATED  October 5, 2005.

BY THE COURT:

_____

TED STEWART
United States District Judge